STATE *versus* WALKER AND PAGE.

In an indictment, charging a conspiracy to prosecute a person who was *not* guilty, it is not admissible for the government to prove, that the defendants prosecuted *other* persons who *were* guilty.

EXCEPTIONS from the District Court.

Indictment, alleging that the defendants conspired to charge one Levi R. Gray, and cause him to be impleaded of an offence, of which he was not guilty.

The testimony of the government showed in substance, *that* Gray kept a public house; *that* five suits were brought against him for selling intoxicating liquors contrary to law; *that* in each of the suits the defendant, Page, was plaintiff, and the defendant, Walker, was his attorney; *that*, at the return-day of the first suit, the justice, though previously notified of the action, was absent from home; *that*, upon said justice's docket, Walker, in his capacity as a justice, entered a continuance of the action; *that* the justice afterwards, thinking the continuance was illegal, dismissed the action; *that* one of the said actions was dismissed for an informality in the summons; *that* two were nonsuited after a continuance, because the plaintiff did not further attend, and *that*, in one, the said Gray was charged, and appealed.

The government was permitted to show, though objected to, that there was an association of persons, called the Penobscot Temperance League, acting under certain pledges to each other, and to the public, among other things "to use all lawful measures to put an end to the lawless traffic in alcoholic liquors and mixtures," "by aiding to ferret out cases of violation of that law, and to secure testimony to convict each known violator of it"; *that* the defendants were members of that league; and had brought suits against many persons other than Gray for selling spirituous liquors, and what proceedings were had in each suit; *that* a large portion of the suits had been successful, and quite a considerable number were yet pending in the District Court, having been appealed into that court by the respective defendants; *that* money had

State *v.* Walker.

been received by the defendants in many cases 'for fines and costs, and *that* they had paid out moneys for costs and to employ agents to "hunt up cases, and procure testimony."

The District Judge instructed the jury, *that* if the defendants confederated to prosecute Gray for an offence of which he was innocent, they were chargeable on this indictment ; *that* the nonsuit in some of the actions against Gray, was sufficient evidence of his innocence, unless his guilt was proved by the defendants.

The defendants were found guilty, and excepted.

*Walker* and *D. T. Jewett,* for defendants.

*Waterhouse,* for the State.

The arrangement entered into by the league, under which the defendants acted, was illegal. It was an agreement to ferret out offences by combination. Such is not the policy of the law. Such combinations tend to stir up litigation. It was, therefore, allowable to show how often and to what extent the defendants had done so.

Shepley, C. J., orally. — The charge is, that the defendants conspired to prosecute Gray, an innocent person. After testimony on that point had been offered, the State was permitted to prove, that the defendants had combined to bring suits against other persons, with whom Gray had no connection. It is not proved or pretended, that these suits were illegal or unsuccessful. The charge was, that the defendants conspired to prosecute Gray *without cause.* The proof was, that they prosecuted others *for good cause,* in a legal manner, and with success.

Such proof was inadmissible. It could only create prejudice. The prosecution of *guilty* persons is not proof of a conspiracy to prosecute the *innocent.*

*Exceptions sustained.*